FILED: June 24, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-746
(3:05-cr-00252-RJC-6)

In re: GREG KIRK RIDDLE,

      Movant.

O R D E R

Greg Kirk Riddle has filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) (2012) for authorization to file a second or successive 28 U.S.C. § 2255 (2012) motion.  Riddle has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case.  See In re Hubbard, __ F.3d __, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016).  We grant authorization for Riddle to file a second or successive § 2255 motion, thus permitting consideration of the motion by the district court in the first instance.  The one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a

claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

Entered at the direction of the panel: Judge Motz, Judge Agee, and Senior Judge Davis.

For the Court

/s/ Patricia S. Connor, Clerk

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
1100 East Main Street, Suite 501, Richmond, Virginia 23219

June 24, 2016

_____

NOTICE OF AUTHORIZATION
_____

No. 16-746,   In re: Greg Riddle
              3:05-cr-00252-RJC-6

TO: Parties and Counsel

The court has authorized a successive application for post-conviction relief in this case.

In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being transferred to the district court with the order granting authorization. Any proposed amendment to the post-conviction application should be filed in the district court rather than in the court of appeals.

Amy L. Carlheim, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| GREG KIRK RIDDLE, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | DOCKET NO. _____ |
| vs. ) | (Related Case No. 3:05-cr-00252-006) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |

## MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Greg Kirk Riddle ("Riddle"), through undersigned counsel, respectfully moves this Court to vacate the judgment in this case and correct his sentence under 28 U.S.C. § 2255. On November 27, 2006, this Court sentenced Riddle as a career offender under U.S.S.G. § 4B1.2. In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Riddle does not qualify as career offender. Accordingly, Riddle's sentence violates due process of law. Riddle respectfully requests that this Court grant this motion, vacate his current sentence, and re-sentence him.

### STATEMENT OF FACTS

On February 14, 2006, Riddle pled guilty to Conspiracy to Possess with Intent to Distribute, and Distribute, 3, 4-Methylenedioxymethamphetamine (MDMA). The presentence report found that Riddle had at least two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: five 1992 North Carolina convictions for breaking and entering (counted as one single predicate for § 4B1.2 purposes), and a 1997

1

North Carolina conviction for possession with intent to sell or deliver marijuana. *See* PSR (March 8, 2012) at 8-9.

Based on the career-offender enhancement, Riddle faced a guidelines range of 151 to 188 months. *See* PSR at 21. On November 27, 2006, this Court imposed a sentence of 175 months' imprisonment. Absent the career-offender enhancement, Riddle's guidelines range would have been 130 to 162 months. *See* U.S.S.G. § 5A (sentencing table.).[1]

## BASIS FOR § 2255 RELIEF

**I.    Riddle is entitled to § 2255 relief based on *Johnson* because his current sentence violates due process of law.**

Under 28 U.S.C. § 2255, a petitioner is entitled to a resentencing when his original sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Riddle is entitled to § 2255 relief because his sentence violates the constitutional guarantee of due process.

### A.  Riddle does not qualify as a career offender in light of *Johnson*.

In *Johnson v. United States*, the Supreme Court held that the residual clause of the Armed Career Criminal Act—which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is "unconstitutionally vague." 135 S. Ct. 2551, 2557 (2015). Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id.* at 2563.

---

[1] This calculation is based on an offense level of 30, minus three levels for acceptance of responsibility, for a total offense level of 27, and a criminal history category of VI. *See* PSR at ¶¶ 20, 27, 44.

2

The Supreme Court's holding in *Johnson* invalidates the residual clause of the Sentencing Guidelines as well. As the Fourth Circuit has repeatedly recognized, the residual clause in § 4B1.2(a)(2) is identical to the one in the Armed Career Criminal Act. *See, e.g.*, *United States v. Vann*, 660 F.3d 771, 773 n.2 (4th Cir. 2011) (en banc) ("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent felony under the ACCA"); *United States v. Jarmon*, 596 F.3d 228, 231 n.* (4th Cir. 2010) (because the "ACCA defines 'violent felony' in a manner substantively identical to the definition of a 'crime of violence' in § 4B1.2 . . . precedents evaluating the ACCA apply with equal force to U.S.S.G. § 4B1.2"). Moreover, in deciding *Johnson*, the Supreme Court relied on several decisions involving § 4B1.2(a)(2)'s residual clause to demonstrate that it "has proved nearly impossible" to "mak[e] sense of the residual clause." *See* 135 S. Ct. at 2559-60 (citing *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson*, 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald*, 592 F.3d 808 (7th Cir. 2010); *United States v. Williams*, 559 F.3d 1143 (10th Cir. 2009)).

In light of *Johnson*, a career-offender sentence may stand only if the defendant has two prior convictions that qualify under the "force clause" of § 4B1.2(a)(1) or as enumerated offenses under § 4B1.2(a)(2). *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Here, Riddle's prior North Carolina conviction for possession with intent to sell or deliver marijuana remains a qualifying career-offender predicate even after *Johnson*. However, his prior convictions for breaking and entering under N.C. Gen. Stat. § 14-54 no longer qualify

3

as career-offender predicates. Unlike the Armed Career Criminal Act, the text of § 4B1.2(a)(2) does not include generic burglary as an enumerated offense. Instead, the text enumerated the narrower offense of "burglary of a dwelling."[2] Because § 14-54 covers the breaking or entering into buildings that are not dwellings, it does not qualify as the generic offense of "burglary of a dwelling." *See* § 14-54(c) (defining "building" to include numerous non-dwelling structures); *see also United States v. Bacote*, 189 F. App'x 191, 194 (4th Cir. 2006) (concluding that a § 14-54 conviction "was not burglary of a dwelling"). Thus, before *Johnson*, a § 14-54 conviction qualified as a "crime of violence" solely by virtue of the residual clause. *See, e.g., United States v. Kirk*, 767 F.3d 1136, 1140-41 (11th Cir. 2014) (holding that a non-generic burglary offense satisfied the residual clause); *see also United States v. Avila*, 770 F.3d 1100 (4th Cir. 2014) (holding that a non-generic burglary offense satisfies the similarly worded residual clause of 18 U.S.C. § 16(b)). With the residual clause now struck down, a § 14-54 conviction does not qualify as a "crime of violence" under the Sentencing Guidelines.

Accordingly, a prior conviction for North Carolina breaking and entering no longer qualifies as a predicate under *Johnson*, and Riddle no longer qualifies as a career offender. His current career-offender sentence was based on the now-void residual clause, which means it was imposed in violation of due process.

---

[2] For this reason, the Fourth Circuit's holding that § 14-54 is generic burglary under the Armed Career Criminal Act is not relevant. *See United States v. Bacote*, 189 F. App'x 191, 194-95 (4th Cir. 2006) ("the definition of a 'crime of violence' used in § 4B1.2(a)(2) for a career offender sentence is narrower [than the ACCA definition], and includes only burglary of a dwelling").

4

**B.    The decision in *Johnson* applies retroactively on collateral review, and Riddle's claim is cognizable under § 2255.**

In *Welch v. United States*, the Supreme Court held that *Johnson* announced a new, substantive rule of constitutional law that applies retroactively to cases on collateral review:

> By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes." *Schriro*, *supra*, at 353. Before *Johnson*, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After *Johnson*, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. …
> … *Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.

Sup. Ct. No. 15-6418 (April 18, 2016), majority op. at 9.

When a new rule is substantive, it must be applied retroactively to all cases on collateral review. *See, e.g.*, *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013) ("Substantive rules apply retroactively because there is a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.") (quoting *Schriro*, 542 U.S. at 352). Once a rule is deemed retroactive, it must be applied retroactively in all contexts. *See Davis v. United States*, 131 S. Ct. 2419, 2430 (2011) (describing the retroactivity analysis as a "categorical matter"). As the Third Circuit put it: "Under *Teague*, either a rule is retroactive or it is not." *United States v. Doe*, 810 F.3d 132, 154 n.13 (3d Cir. 2015) (holding that *Begay* is retroactive in a guidelines case).

5

At least three circuits have expressly held that *Johnson* is "categorically retroactive" and, therefore, must be applied retroactively in the Guidelines context.[3] That approach finds additional support in the Supreme Court's recent *Welch* decision. Although the government argued in *Welch* that retroactivity should be limited to the ACCA context, the Supreme Court refused to draw that distinction:

> The residual clause is invalid under Johnson, so it can no longer mandate or authorize *any sentence*. Johnson establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause.

Slip op. at 9 (emphasis added). By holding that the residual clause cannot support "any sentence"—rather than just any ACCA sentence—the *Welch* decision directly undercuts the government's argument for a case-by-case retroactivity analysis.

Finally, Riddle's claim is cognizable under § 2255 because it is based on a constitutional error—specifically, a violation of due process. *See Johnson*, 135 S. Ct. at 2563 ("imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process"). Because the claim rests on a constitutional violation, it is not subject to the "fundamental defect" standard that applies to ordinary claims of statutory or guidelines error. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979) ("[U]nless the claim alleges a lack of

---

[3] *Stork v. United States*, No. 15-2687, slip op. at 1 (7th Cir. Aug. 13, 2015) (authorizing successive § 2255 motion in a Guidelines case because "Johnson announced a new substantive rule" that is "categorically retroactive"); *see also In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015) (holding in an ACCA case that Johnson announced a substantive rule that is "categorically retroactive" to cases on collateral review); *In re Grant*, No. 15-5795 (6th Cir. March 7, 2016) (authorizing successive § 2255 in a Guidelines case based on *Watkins*); *In re Encinias*, No. 16-8038 (10th Cir. April 29, 2016).

6

jurisdiction or constitutional error, . . . an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted). Accordingly, the Fourth Circuit's holding in *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015)—that an error in applying the career-offender guideline generally is not cognizable under § 2255—does not foreclose a constitutionally-based *Johnson* challenge to a career-offender sentence. In fact, *Foote* expressly recognized that the "fundamental defect" standard would not have applied if the petitioner's claim were *constitutional* in nature. *Id.* at 936 ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'").

**C.    This motion is timely under 28 U.S.C. § 2255(f)(3).**

This motion is timely under 28 U.S.C. § 2255(f)(3), which establishes a one-year limitations period that runs from the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015. As explained above, the decision is both "new" and retroactively applicable. Therefore, this motion is timely under § 2255(f)(3).

## Conclusion

Greg Kirk Riddle is entitled to relief under § 2255 because, in light of *Johnson*, his career-offender sentence violates due process. This Court should vacate his erroneous sentence and resentence him.

Date: May __, 2016

                    Respectfully submitted,

                    Ross Hall Richardson
                    Executive Director
                    Federal Defenders of
                        Western North Carolina, Inc.

                    /s/ Joshua B. Carpenter
                    Appellate Chief
                    Federal Defenders of
                        Western North Carolina, Inc.
                    One Page Avenue, Suite 210
                    Asheville, NC 28801
                    (828) 232-9992

                    /s/ Caleb H. Newman
                    Staff Attorney
                    Federal Defenders of
                        Western North Carolina, Inc.
                    129 West Trade Street, Suite 300
                    (704) 374-0720

                    Attorneys for Greg Kirk Riddle

## CERTIFICATE OF SERVICE

I hereby certify that on May __, 2016, I served a true and correct copy of the foregoing *Motion to Vacate Sentence under 28 U.S.C. § 2255* on the government's counsel of record by CM/ECF.

/s/ Caleb H. Newman
Staff Attorney
Federal Defenders of
    Western North Carolina, Inc.
129 West Trade Street, Suite 300
(704) 374-0720
caleb_newman@fd.org
North Carolina Bar Number 48276