UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-474-RJC
(3:05-cr-252-RJC-6)

| | |
|---|---|
| GREG KIRK RIDDLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he seeks relief from his career offender sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Also pending are the Respondent's Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 4), and the Motion to Withdraw as Counsel, (Doc. No. 5), filed by Petitioner's attorney.

**I.    BACKGROUND**

Petitioner pled guilty to a single count of conspiracy to possess with intent to distribute, and distribution of MDMA. (3:05-cr-252, Doc. No. 99). The Presentence Investigation Report ("PSR") scored the base offense level as 32 based on the drug quantity and the offense level for career offenders is also 32. (3:05-cr-252, Doc. No. 166 at ¶¶ 20, 25-26). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. (3:05-cr-252, Doc. No. 166 at ¶ 28). Petitioner had 15 criminal history points and two points were added because the offense was committed less than two years from Petitioner's release from custody. (3:05-cr-252, Doc. No. 166 at ¶¶ 42-43). Seventeen criminal history points result in a criminal history category of VI and the criminal history category for career offenders is also VI. (3:05-cr-252, Doc. No. 166 at ¶ 44).

The resulting guideline sentencing range was 151 to 188 months' imprisonment. (3:05-cr-252, Doc. No. 166 at ¶ 76). The Court imposed 175 months' imprisonment followed by three years' supervised release. (3:05-cr-252, Doc. No. 136).

Petitioner filed a § 2255 Motion to Vacate that was docketed in civil Case Number 3:09-cv-533. The Court dismissed the petition with prejudice as time-barred. Riddle v. United States, 2012 WL 80789 (W.D.N.C. Jan. 11, 2012). The Fourth Circuit dismissed Petitioner's appeal. United States v. Riddle, 473 Fed. Appx. 296 (4th Cir. 2012).

The Fourth Circuit granted Petitioner leave to file this second § 2255 Motion to Vacate, which Petitioner filed through counsel on June 23, 2016. (Doc. Nos. 1, 2). The Court ordered the Government to respond but, instead, it filed an unopposed Motion seeking to stay these proceedings pending the outcome of Beckles v. United States. (Doc. No. 4). On March 6, 2017, the Supreme Court held that the advisory guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S. Ct. 886 (2017). On May 11, 2017, counsel for Petitioner moved to withdraw from this representation based on Beckles. (Doc. No. 5).

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner claims his prior North Carolina conviction for breaking and entering, in violation of N.C. Gen. Stat. § 14-54, is no longer a qualifying predicate under the career offender guideline's residual clause after Johnson. (Doc. No. 1 at 3-4). Johnson announced that the Armed Career Criminal Act's ("ACCA") residual clause[1] is void for vagueness, and that holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, the Supreme Court subsequently decided that Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

Because Johnson does not apply to the Sentencing Guidelines, Petitioner's § 2255 Motion to Vacate is time-barred and meritless. See Beckles, 137 S. Ct. at 894; 28 U.S.C. § 2255(f)(3); United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate). The instant § 2255 Motion to Vacate is therefore dismissed with prejudice as time-barred and, alternatively, denied on the merits.

---

[1] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

3

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. Respondent's Motion to Place Motion Under 28 U.S.C. § 2255 in Abeyance, (Doc. No. 4), is **DENIED** as moot.

3. The Motion to Withdraw as Counsel, (Doc. No. 5), is **GRANTED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 22, 2018

Robert J. Conrad, Jr.
United States District Judge